UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
**DYNASTY STAINLESS STEEL & METAL INDUSTRIES, INC.,**

                            **Plaintiff,**                    **REPORT AND RECOMMENDATION**

        **-against-**                                **17-CV-2345 (RPK)**

**HILL INTERNATIONAL, INC.,**

                            **Defendant.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On April 19, 2017, plaintiff Dynasty Stainless Steel & Metal Industries, Inc. ("plaintiff") commenced this diversity action against defendant Hill International, Inc. ("defendant" or "Hill"), alleging claims of fraud and fraudulent inducement, tortious interference, violation of trust fund law, wrongful termination, discrimination, and for declaratory relief, in connection with the parties' contract for the construction of a Performing Arts Center for Brooklyn College in Brooklyn, New York (the "Project"). See generally Complaint ("Compl.") (Apr. 19, 2017), Electronic Case Filing Docket Entry ("DE") #1. Currently pending before this Court, on a referral from the Honorable Rachel P. Kovner, is plaintiff's motion to appoint an independent arbitrator, or in the alternative, to vacate the arbitrator's award. See Motion to Appoint Independent Arbitrator (Dec. 2, 2020), DE #47 (sealed version), DE #48. For the reasons set forth below, this Court recommends that plaintiff's motion be denied without prejudice.

**FACTUAL BACKGROUND**

In or about 2010, the City University of New York ("CUNY"), through the City University Construction Fund ("CUCF"), awarded defendant a contract to serve as construction manager for the Project. See Compl. First Count (Fraud in the Inducement) ¶ 1; Brooklyn College Performing Arts Center, Construction Management/Build Services Agreement, DE #12-3. Defendant selected plaintiff's bid and awarded plaintiff a contract to perform construction work on the Project, for $10,790,000.00, and a written agreement was entered into on August 29, 2014. See Compl. First Count (Fraud in the Inducement) ¶ 13; Performing Arts Center Construction Services, Contract No. 5 ("Dynasty/Hill Contract"), DE #12-4.

Plaintiff alleges that the construction site was not made available to plaintiff to perform work until at least April 2016, more than two years after plaintiff was led to believe the work would begin. See Compl. First Count (Fraud in the Inducement) ¶¶ 16-17. According to the Complaint, defendant informed plaintiff that "CUCF and/or CUNY were the only sources of recovery" for any claims by plaintiff stemming from defendant's delay in making the Project site available. Id. Second Count (Fraud) ¶ 3. In addition, defendant advised plaintiff that CUCF and CUNY "would consider [plaintiff's] claim after the project [was] completed." Id. On or about February 16, 2017, defendant wrongfully terminated plaintiff from the Project. See id. Second Count (Fraud) ¶ 8, Fifth Count (Wrongful termination) ¶¶ 2, 3.

The Dynasty/Hill Contract includes a broad arbitration provision, which states that:

> [A]ll claims, controversies or disputes [plaintiff] may have against Hill, including, without limitation, all claims, controversies or disputes a Subcontractor or a supplier may have in relation to this Agreement, (each a

> "Dispute") to the extent permitted by law, shall be resolved exclusively by the procedure set forth in this Article. Without limitation, this procedure covers Disputes concerning: (1) the scope of the Work related to this Agreement, (2) any direction given by Hill or any governmental agency, (3) the performance by [plaintiff] of its obligations under this Agreement, (4) the interpretation of this Agreement or of the Contract Documents, (5) if an amount, and what amount, if any, is to be paid for Work or Extra Work or disputed Work performed in connection with this Agreement, (6) every payment to and by [plaintiff], (7) the conformity of the Work with this Agreement or the acceptability and quality of any portion or all of the Work, and (8) any combination of these.

Dynasty/Hill Contract, Art. 29.1.1; see Memorandum and Order (March 27, 2018) ("3/27/18 M&O") at 13, DE #15 (granting Hill's motion to compel arbitration and finding that "Article 29 is clearly a broad arbitration clause").

The above-referenced procedure requires plaintiff to submit to Hill a Notice of Dispute and, within ten business days of such Notice, a Dispute Report. See Dynasty/Hill Contract, Arts. 29.2, 29.3. Thereafter, defendant and/or CUNY's Executive Director of the Department of Design, Construction and Management (the "Executive Director") are required to investigate the Dispute. See id. Art. 29.4.1. "The Executive Director may resolve the Dispute by negotiating terms acceptable to both [plaintiff] and Hill[,]" or, in the alternative, the Executive Director may "resolve the Dispute unilaterally, without negotiation, in a written decision." Id. "[I]f the Executive Director is unable to reach a Negotiated Resolution" or plaintiff "receives a Unilateral Resolution with which [it] disagrees," plaintiff may request an appeal. Id. Art. 29.4.2. CUNY's Vice Chancellor for Facilities Planning, Construction and Management (the "Vice Chancellor") may resolve the appeal either through negotiation involving the parties or by issuing a unilateral decision. See id. Art. 29.5. If the Vice Chancellor is unable to resolve the dispute or issues a final written decision with which

plaintiff disagrees, the "only remedy shall be an appeal pursuant to Article 78 of the Civil Practice Laws and Rules [("CPLR")] of the State of New York." Id.

Article 61 of the Dynasty/Hill Contract provides that the Agreement "shall be governed by and construed in accordance with the laws of the State of New York, without application of its choice of law principles." Dynasty/Hill Contract, Art. 61.1. Article 61 further provides that "any and all claims asserted by or against Hill arising under" or "related" to the Dynasty/Hill Contract "shall be resolved pursuant to the terms of [that] Agreement and, thereafter, shall be heard and determined either in" United States courts "located in New York City" or in New York state courts "located in the County of New York." Id. Art. 61.2.

## PROCEDURAL BACKGROUND

On March 27, 2018, the Honorable Kiyo A. Matsumoto, the District Judge then assigned to this action, granted defendant's motion to compel arbitration and to stay the action, ruling that plaintiff's claims are subject to the mandatory arbitration provision contained in Article 29 of the Dynasty/Hill Contract. See 3/27/18 M&O. Plaintiff had opposed defendant's motion to compel arbitration, arguing, *inter alia*, that the CUNY arbitrator is a "potentially interested third party." Memorandum in Opposition (Aug. 4, 2017) at 10, DE #13. Judge Matsumoto considered and rejected plaintiff's argument regarding the partiality of the arbitrator. See 3/27/18 M&O at 12.

Plaintiff then moved for reconsideration before Judge Matsumoto on the ground that the arbitrator had a financial interest in the outcome of the arbitration. See Motion for premotion conference (Apr. 3, 2018) at 1-2, DE #16. Judge Matsumoto denied plaintiff's motion for reconsideration and ordered the parties to proceed to arbitration, observing that, in its original

motion, plaintiff had already raised the argument that CUNY was an interested party. See Minute Entry (May 30, 2018); Transcript of Hearing held on May 30, 2018 (filed on July 2, 2021) at 3-4, DE #56.

Despite Judge Matsumoto's orders directing the parties to proceed to arbitration, the parties, after seeking documentation from third parties, agreed to engage in a mediation before a private construction attorney as a mediator. See Declaration of Kenneth D. O'Reilly (Oct. 31, 2019) ¶¶ 21-22, DE #24-1; Declaration of David C. Dreifuss, Esq. (Oct. 31, 2019) ¶¶ 8-9, DE #25. Nearly one year later, the mediation ended in an impasse. See Status Report (Oct. 1, 2020), DE #33. Meanwhile, by letter filed on August 31, 2020, while the mediation was ongoing, plaintiff advised the Court that, if the mediation process proved unsuccessful, plaintiff would seek leave to lift the stay of this action because plaintiff was "not aware and believe[d] that Judge Matsumoto was not aware that CUNY[, the arbitrator,] had a vested interest in the outcome." Status Report (Aug. 31, 2020) at 1, DE #32. In response to plaintiff's letter, this Court observed that plaintiff's planned challenge was "misguided . . . [as] Judge Matsumoto denied plaintiff's motion for reconsideration more than two years ago, and the time for moving for reconsideration has long since expired." Status Report Order (Sept. 1, 2020) (citations omitted). After being advised, the following month, that the mediator had declared an impasse, the Court directed the parties "to proceed to arbitration forthwith." Mediation Status Report Order (Oct. 2, 2020).

Two months later, plaintiff filed the instant motion, again arguing that an independent arbitrator should be appointed, and that, if an arbitration award is entered during the pendency of the instant motion, the award be vacated. See Memorandum in Support (Dec. 2, 2020)

5

("Pl. Mem."), DE #47-9 (sealed version), DE #48-1.  Thereafter, in a decision dated April 5, 2021, while the motion was pending, the CUNY arbitrator "ruled against [plaintiff] and denied its claim in its entirety."  [Plaintiff's Supplemental] Reply (Apr. 19, 2021) ("Pl. Supp.") at 2, DE #54.  Accordingly, plaintiff asked that the Court vacate the arbitration award, since such relief was no longer "premature."  See id.  However, plaintiff failed to note that prior to submitting its letter to the Court, plaintiff had served defendant with an internal appeal of the arbitration award ("Notice of Appeal of Unilateral Resolution as Per Paragraph 29.4.2 of the Dynasty-Hill Contract") pursuant to Article 29 of the Dynasty/Hill Contract.  See Letter Responding to Plaintiff's April 19, 2021 Letter (Apr. 23, 2021), DE #55.  As such, defendant argues that plaintiff's request to vacate the arbitration award is "premature because the arbitral process is ongoing."  Id. at 1.

## DISCUSSION

As an initial matter, "it is well established that a district court cannot entertain an attack upon the qualifications or partiality of arbitrators until after the conclusion of the arbitration and the rendition of an award."  Aviall, Inc. v. Ryder Sys., Inc., 110 F.3d 892, 895 (2d Cir. 1997); see Morelite Constr. Corp. (Div. of Morelite Elec. Serv., Inc. v. N.Y.C. Dist. Council Carpenters Benefit Funds, 748 F.2d 79, 81 & n.1 (2d Cir. 1984); Michaels v. Mariforum Shipping, S.A., 624 F.2d 411, 414 & n.4 (2d Cir. 1980).  For that reason, had the arbitration hearing not concluded, this Court would have recommended that the District Court deny plaintiff's pre-award motion to appoint an independent arbitrator.  Now that an arbitration award has issued, plaintiff's request to remove the arbitrator has been rendered moot, and

plaintiff instead requests that the Court vacate the arbitration award.  See Pl. Mem. at 1, 12; Pl. Supp. at 2.

Plaintiff argues that the arbitration award should be set aside pursuant to the Federal Arbitration Act ("FAA").[1]  Under the FAA, an arbitration award may be vacated where, for example, (1) the award was procured by corruption, fraud, or undue means, or (2) where there was evident partiality or corruption in the arbitration.  See 9 U.S.C. § 10(a); see also N.Y. C.P.L.R. § 7511(b) (providing for vacatur of arbitration award for "corruption, fraud or misconduct" or "partiality of an arbitrator").  "A party commencing an action to vacate an award of arbitration 'bears a heavy burden of proof.'"  Huntington Hosp. v. Huntington Hosp. Nurses' Ass'n, 302 F.Supp.2d 34, 42 (E.D.N.Y. 2004) (quoting Arista Techs., Inc. v. Arthur D. Little Enters., Inc., 27 F.Supp.2d 162, 167 (E.D.N.Y. 1998)); see Verille v. Jeanette, 81 N.Y.S.3d 479, 481 (2d Dep't 2018) (applying CPLR Article 75).

Before an arbitration award is subject to judicial review, it must be "final."  See Michaels, 624 F.2d at 413-14 & n.4; Schreiber v. Friedman, 15-CV-6861 (CBA) (JO), 2017 WL 5515853, at *2-3 (E.D.N.Y. Mar. 30, 2017).  As noted above, the parties to an arbitration generally may not challenge the fairness of the proceedings or the partiality of the arbitrators until the conclusion of the arbitration and the rendition of a final award.  Accordingly, a petition to vacate an interlocutory award should be denied as premature.  See

---

[1] Defendant applies the FAA in arguing that the arbitrator should not be disqualified, but applies New York law in arguing that the arbitration award should not be vacated. See Memorandum in Opposition (Jan. 11, 2021) at 5, 11-12 & n.39, DE #50 (sealed version), DE #51.  The Court need not determine the choice-of-law issue in light of its conclusion that the motion is premature based on the language of the arbitration provision contained in the Dynasty/Hill Contract.  In any event, the provisions of the FAA and of New York's counterpart statute, CPLR Article 75, "are very similar . . . with respect to judicial review of arbitration awards." *In re* Johnson (Summit Equities, Inc.), 864 N.Y.S.2d 873, 885 (Sup. Ct., N.Y. Cty. 2008) (collecting cases).

Michaels, 624 F.2d at 414 ("Most of the advantages inherent in arbitration are dissipated by interlocutory appeals to a district court[,]" as "applications for interlocutory relief result only in a waste of time, the interruption of the arbitration proceeding, and . . . delaying tactics in a proceeding that is supposed to produce a speedy decision.") (internal quotation marks and citation omitted). "[A]n arbitration award, to be final, must resolve all the issues submitted to arbitration, and . . . must resolve them definitively enough so that the rights and obligations of the two parties, *with respect to the issues submitted*, do not stand in need of further adjudication." Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc., 157 F.3d 174, 176 (2d Cir. 1998) (emphasis in original). "[T]he general test for finality depends on the arbitration agreement and whether the parties intended to 'resolve finally the issues submitted' to the arbitrator." 1199SEIU United Healthcare Workers E. v. PSC Community Servs., -- F.Supp.3d --, 2021 WL 708584, at *8 (S.D.N.Y. Feb. 19, 2021) (citation omitted), appeal filed, No. 21-633 (Mar. 19, 2021). In fact, "the parties can, in their arbitration agreements, . . . provide that the award rendered by an arbitral tribunal in the first instance can be brought for further 'appellate-like' review before a second arbitral tribunal. Only upon completion of these judicial and arbitral 'appellate' mechanisms will the award become final and binding." See 4B Robert L. Haig, Commercial Litigation in New York State Courts § 70:28 (5th ed. 2020); see also American Arbitration Association Optional Appellate Arbitration Rule A-2(a), https://go.adr.org/AppellateRules ("Upon the filing of a Notice of Appeal [where the parties have agreed that an appeal is allowed], the parties agree that the Underlying Award shall not be considered final for purposes of any court actions to modify, enforce, correct, or vacate the Underlying Award[.]").

Arbitration is contract-driven and principally "a matter of consent." EEOC v. Waffle House, Inc., 534 U.S. 279, 294 (2002); accord Rent–A–Center, West, Inc. v. Jackson, 561 U.S. 63, 67 (2010). Here, the arbitration agreement contained in the Dynasty/Hill Contract provides that plaintiff may appeal the arbitration decision pursuant to Articles 29.4.2 and 29.5 of the Agreement. If plaintiff elects to appeal, defendant and/or the Vice Chancellor "shall investigate the Dispute" and may attempt to "resolve [plaintiff's] Dispute by negotiating terms acceptable to both [plaintiff] and Hill." Dynasty/Hill Contract, Art. 29.5. Alternatively, the Vice Chancellor may resolve the dispute unilaterally in a written final decision. See id. If the Vice Chancellor is unable to resolve the dispute through negotiation or if plaintiff disagrees with the Vice Chancellor's written final decision, plaintiff's "only remedy shall be an appeal pursuant to Article 78 of the Civil Procedure Laws and Rules of the State of New York." See id.

Importantly, under the terms of the parties' agreement with respect to mandatory arbitration, the arbitration award is not "final and binding upon the parties" until *after* determination of that appeal or the expiration of the time to appeal. See id. Arts. 29.4.1, 29.4.2. Thus, the Dynasty/Hill Contract reflects the parties' intention that the arbitration decision would be "final and binding" only after the exhaustion of the appeals process. Since it is undisputed that plaintiff availed itself of the right to initiate an internal appeal of the arbitrator's decision, the arbitration award is not "final" pursuant to the express terms of the arbitration agreement. See Demuth v. Navient Sols., LLC, Civil Action No. 17-675, 2017 WL 3492541, at *2 (W.D. Pa. Aug. 15, 2017) (denying petition to confirm arbitration award as premature because award was under appeal before the American Arbitration Association);

9

Trax Constr., Ltd. v. Dyncorp Int'l, LLC, Civil Action No. 1:10–mc–8, 2010 WL 900464, at *1 (E.D. Va. Mar. 11, 2010) (denying petition to confirm foreign arbitration award until the appeals process was exhausted because "the language of the agreement clearly indicates the intent of the parties at the time of contracting was to allow for appeals to be resolved before any payment is due"); cf. 1199SEIU United Healthcare Workers, 2021 WL 708584, at *9 (where collective bargaining agreement and memorandum of understanding provided that arbitration decision was to be "final and binding," court holds that arbitration award was sufficiently final and ripe for judicial review). Therefore, plaintiff's request to vacate the arbitrator's award is premature, and should be denied without prejudice on that basis.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the District Court deny as moot plaintiff's request to appoint an independent arbitrator, and deny without prejudice as premature plaintiff's motion to vacate the arbitrator's award.

Any objection to the recommendations contained herein must be filed with Judge Kovner by August 9, 2021. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

**Dated:** Brooklyn, New York
July 26, 2021

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**