UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DYNASTY STAINLESS STEEL & METAL
INDUSTRIES, INC.,

                Plaintiff,                              **MEMORANDUM AND ORDER**

        v.                                              17-CV-2345 (RPK) (RLM)

HILL INTERNATIONAL, INC.,

                Defendant.
----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

       Plaintiff Dynasty Stainless Steel & Metal Industries, Inc., a construction contractor, filed this diversity suit against defendant Hill International, Inc. ("Hill"), a construction manager, alleging state-law causes of action in connection with a contract between the parties. *See* Compl. (Dkt. #1). Defendant moved to compel arbitration and the Court granted the motion. Order Compelling Arbitration (Dkt. #15). While the arbitration was pending, plaintiff filed a motion to appoint an independent arbitrator or, in the alternative, to vacate the arbitration award. (Dkt. #47) (sealed); (Dkt. #48) (redacted). In a report and recommendation ("R. & R."), Judge Mann recommends that I deny the request to appoint an independent arbitrator as moot and deny without prejudice the request to vacate the arbitration award as premature. R. & R. at 10 (Dkt. #57). For the reasons set out below, I adopt Judge Mann's recommendation in full and deny the motion.

## BACKGROUND

       I assume familiarity with the underlying facts and procedural history, *see* R. & R. at 2-6, which I describe here only as needed to address defendant's R. & R. objections.

In December 2014, plaintiff contracted with defendant to perform construction work on a performing arts center at a City University of New York ("CUNY") campus. Compl. ¶¶ 1-2 ("First Count"); Contract at 5 (Dkt. #12-4). Plaintiff alleges that defendant did not make the project site available until April 2016, more than two years after plaintiff's anticipated start date. *See* Compl. ¶ 16 ("First Count"). Plaintiff further alleges that defendant knew that the site would not be ready on time and fraudulently induced plaintiff to underbid on the project, interfered with plaintiff's work, committed fraud, wrongfully terminated the contract, interfered with plaintiff's ability to obtain future construction contracts, violated New York trust law, and discriminated against plaintiff. *See id.* ¶¶ 5-17, 18 ("First Count"); *id.* ¶¶ 1-11 ("Second Count"); *id.* ¶¶ 1-19 ("Third Count"); *id.* ¶¶ 1-8 ("Fourth Count"); *id.* ¶¶ 1-3 ("Fifth Count"); *id.* ¶¶ 1-12 ("Sixth Count").

The contract included a process for resolving disputes between the parties. Contract at 41-43. To initiate the process, plaintiff could file a dispute report. *Id.* at 42. Then, the Executive Director of CUNY could negotiate a resolution or unilaterally resolve the dispute. *Id.* at 43. The contract also provided a means for plaintiff to appeal the Executive Director's decision to the Vice Chancellor of CUNY. *Ibid.* And if the Vice Chancellor failed to resolve the dispute within thirty days of receiving a notice of appeal, the contract limited plaintiff's remedy to "an appeal pursuant to Article 78 of the Civil Practice Laws and Rules of the State of New York." *Ibid.*

On April 19, 2017, plaintiff filed suit in federal court. The suit contains state-law claims. It also seeks a declaration that the contract's dispute resolution terms did not govern its claims. *See* Compl. ¶¶ 1-10 ("Count Seven"). Defendant filed a motion to dismiss or, in the alternative, to stay the proceedings pending arbitration. (Dkt. #12). Judge Kiyo A. Matsumoto construed the

relevant contract provisions as an agreement to arbitrate under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and granted defendant's motion to compel arbitration. Order Compelling Arbitration at 9, 19. The parties proceeded to arbitration, Decl. of David C. Dreifuss ¶¶ 3-4 (Dkt. #48-1), and the case was subsequently reassigned to me.

During the pendency of the arbitration, plaintiff filed a motion to appoint an independent arbitrator or, in the alternative, to vacate the arbitration award. *See* Mot. to Appoint Independent Arbitrator (Dkt. #47) (sealed); Mot. to Appoint Independent Arbitrator (Dkt. #48) (redacted). I referred plaintiff's motion to Judge Mann for an R. & R on December 3, 2020. The motion was fully briefed on January 25, 2021.

The arbitrator ruled against plaintiff on April 5, 2021. *See* Pl.'s Letter dated Apr. 19, 2021 at 2 (Dkt. #54). Plaintiff filed a letter two weeks later informing the Court about the arbitrator's decision and asking the Court to vacate the award and appoint an independent arbitrator. *Ibid.* Defendant filed a responsive letter stating that plaintiff had appealed the award to the Vice Chancellor. Def.'s Letter dated Apr. 23, 2021 at 1-2 (Dkt. #55). Plaintiff did not file a further response—or seek leave to file a further response—concerning the status of its appeal.

On July 26, 2021, Judge Mann issued an R. & R. concluding that plaintiff's motion should be denied. Judge Mann concluded that the motion to appoint an independent arbitrator was moot because the arbitrator had already issued an award. R. & R. at 6. In addition, Judge Mann concluded that the motion to vacate the arbitration award was premature. *Id.* at 10. Judge Mann reasoned that the award had not yet become final on account of plaintiff's appeal to the Vice Chancellor. *Id.* at 7-9. Judge Mann therefore recommended that I deny the motion. *Id.* at 10.

Plaintiff objects. In its objections, plaintiff argued for the first time that even if the arbitration award was not final when the parties finished briefing the motion, the decision later became final. Pl.'s Objection at 1-2, 4 (Dkt. #58). Plaintiff relies on the portion of the parties' contract that provides that when the Vice Chancellor takes more than thirty days to resolve an appeal, plaintiff's "only remedy" is an Article 78 proceeding in state court. *Id.* at 4. Plaintiff argues that such a proceeding can only be "filed from a final decision of an administrative body." *Ibid.* Since more than thirty days had elapsed from the filing of the notice of appeal when Judge Mann issued the R. & R., plaintiff contends that the award was actually final. *See id.* at 4-6. On that basis, plaintiff objects that its "motion to appoint an independent arbitrator was not premature and should be granted on the merits." *Id.* at 6. Plaintiff also "requests clarification from the Court as to whether it must file and fully adjudicate an Article 78 proceeding" to obtain a final award that can be reviewed in federal court. *Id.* at 6-7.

### STANDARD OF REVIEW

The standard of review a district court should use when considering an order or recommendation from a magistrate judge depends on whether the issue "is dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1). If a party timely objects to a magistrate judge's recommendation on a dispositive issue, then the district court must "determine de novo" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).

Those parts of an R. & R. that are uncontested or are not properly objected to may be reviewed, at most, for "clear error." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted); *see Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citing Fed. R. Civ. P. 72 advisory committee's note to 1983 addition). Clear error will only be found if

4

after reviewing the entire record, the court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015) (citation omitted).

In considering objections to an R. & R., the district court "will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted); *see, e.g., Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020); 12 Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc. § 3070.2 (3d ed. 2021). "Further, courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Lesser v. TD Bank, N.A.*, 463 F. Supp. 3d 438, 445 (S.D.N.Y. 2020) (alteration, internal quotation marks, and citation omitted); *see, e.g., Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990).

## DISCUSSION

For the reasons explained below, I adopt the R. & R. in full.

**I.      Plaintiff's initial motion to appoint an independent arbitrator is moot.**

I find no clear error in Judge Mann's conclusion that plaintiff's motion to appoint an independent arbitrator was mooted by the arbitrator's decision. *See* R. & R. at 6. Plaintiff has not developed any argument that Judge Mann's mootness determination was incorrect. To the extent that plaintiff sought to object to the mootness determination by stating "that [the] motion to appoint an independent arbitrator was not premature," Pl.'s Objection at 6, that statement is too "conclusory or general" to trigger de novo review, *U.S. Underwriters Ins. Co. v. ITG Dev. Grp., LLC*, 294 F. Supp. 3d 18, 23 (E.D.N.Y. 2018); *see N.Y.C. Dist. Council of Carpenters v.*

5

*Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) ("[O]bjections must be specific and clearly aimed at particular findings in the magistrate judge's proposal."). Accordingly, I review the portion of the R. & R. concerning mootness for clear error. *ITG Dev. Grp*, 294 F. Supp. 3d at 23. Having found none, I adopt Judge Mann's recommendation that the motion to appoint an independent arbitrator be denied as moot.

II.     **Plaintiff's request to vacate the arbitration award is premature.**

I decline to set aside Judge Mann's denial without prejudice of plaintiff's request to vacate the arbitration award.

First, I find no clear error in Judge Mann's determination that plaintiff's request to vacate the arbitration decision was premature so long as that decision was under appeal. The FAA only permits judicial review of "final" arbitration awards. *See Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980); *Ward v. Ernst & Young U.S. LLP*, 468 F. Supp. 3d 596, 604 (S.D.N.Y. 2020). Judge Mann determined that "the Dynasty/Hill Contract reflects the parties' intention that the arbitration decision would be 'final and binding' only after the exhaustion of the appeals process." R. & R. at 9. Accordingly, Judge Mann determined that review before such exhaustion would be premature. R. & R. at 7-9. Because plaintiff has not disputed that aspect of Judge Mann's decision, I review it only for clear error, and find none.

I decline to consider plaintiff's arguments that even if the arbitral decision was not final when the parties filed their briefs concerning plaintiff's motion, the decision became final afterward. *See* Pl's. Objection at 4-6. Plaintiff argues, in particular, that the award is now final because thirty days have passed since the Vice Chancellor received notice of the appeal, and "Dynasty had the right, at its discretion, to file an Article 78 proceeding" after the passage of thirty days. *See id.* at 6. In this circuit, district courts do not consider "new arguments raised in objections" to an R. & R. "that could have been raised before the magistrate but were not."

6

*Gladden*, 394 F. Supp. 3d at 480 (citation omitted).  Here, plaintiff could have argued in its request to vacate the arbitration decision that an award would become final after that thirty-day window.  Indeed, given that a final arbitration award is a prerequisite to judicial review, plaintiff could and should have established the circumstances in which the Court could review the arbitrator's decision.

Plaintiff could also have presented the argument that it now advances to Judge Mann once the thirty-day window for the Vice Chancellor's review expired.  Even after briefing on plaintiff's motion was complete, plaintiff filed a letter to inform the Court that the arbitral decision had issued.  *See* Pl.'s Letter dated Apr. 19, 2021.  Plaintiff could have filed a similar, subsequent letter alerting the Court to the alleged finality of the award.  Plaintiff notes that Judge Mann "did not expressly permit" a reply after defendant responded to plaintiff's letter advising the Court that the arbitration had been decided.  Pl.'s Objection at 4 n.2.  But at minimum, plaintiff could have asked for permission or moved to supplement the motion.  *Cf. Sabir v. Williams*, No. 3:17-cv-749 (VAB), 2019 WL 4038331, at *1 (D. Conn. Aug. 27, 2019); *Tracy v. Freshwater*, No. 5:01-CV-0500 (HGM/GHL), 2006 WL 8453254, at *1 (N.D.N.Y. 2006).  Since plaintiff could have but did not raise its argument before Judge Mann at multiple points in the motions practice, plaintiff is not entitled to present its finality argument for the first time in challenging Judge Mann's recommendation.

Plaintiff also "requests clarification from the Court" about whether it needs to obtain state court review to render the arbitral award final and ripe for review in this Court.  Pl.'s Objection at 6-7.  That legal question has not been briefed by either party.  And a "request that the Court clarify" an effect of the R. & R. "is an improper objection because it does not identify a portion of the [R. & R.] that [p]laintiff believes is erroneous."  *Eat It Corp. v. Keumkang B & F Co.*, No.

7

15-CV-04763 (DLI) (PK), 2017 WL 1214475, at *4 (E.D.N.Y. Mar. 31, 2017).  Plaintiff's request is therefore denied.

## CONCLUSION

I adopt Judge Mann's R. & R in full.  Plaintiff's request to appoint an independent arbitrator is denied as moot.  Plaintiff's request to vacate the arbitration award is denied without prejudice.

SO ORDERED.

                                     */s/ Rachel Kovner*
                                     RACHEL P. KOVNER
                                     United States District Judge

Dated: September 26, 2021
       Brooklyn, New York